UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 11-236-DLB

CYNTHIA HUNT                                                                                    PLAINTIFF

vs.                                    **MEMORANDUM ORDER**

CAROLYN W. COLVIN, Acting
Commissioner of Social Security                                                   DEFENDANT

******************

I.   Introduction

This matter is before the Court upon Plaintiff's Motion for Attorney's Fees (Doc. # 17), in which she requests an award of $12,083.48 in fees pursuant to 42 U.S.C. § 406(b). Defendant having filed a Response (Doc. # 20), this matter is now ripe for the Court's review. For reasons stated herein, Plaintiff's Motion will be **granted in part and denied in part**.

II.   Procedural Posture

On June 5, 2008, Plaintiff filed a claim for disability benefits. (Doc. # 10 at 1). ALJ Paul Yerian held an administrative hearing on February 17, 2010 and issued an unfavorable decision three months later. (*Id.*). Plaintiff sought relief from the Appeals Council; it denied her appeal on August 13, 2011. (*Id.* at 2). About a month later, Plaintiff filed a civil complaint with the Court contesting the denial of benefits. (Doc. # 1). On May 11, 2012, the Court reversed and remanded the case to the Commissioner for additional

1

proceedings. (Docs. # 15 and 16).

On April 23, 2013, another ALJ conducted a second administrative hearing. (Doc. # 17 at 2). He issued an unfavorable decision two months later. (*Id.*). Plaintiff again sought relief from the Appeals Council. (*Id.*). This time, the Council remanded the case to the ALJ for additional proceedings. (*Id.*). Finally, after a third hearing, the ALJ issued a favorable decision on March 6, 2015, finding Plaintiff disabled as of May 13, 2005. (*Id.*). Plaintiff received a Notice of Award on December 15, 2015, indicating that the amount of accrued benefits due to her totaled $70,933.00. (Doc. # 17-1). The Social Security Administration stated that it withheld $17,733.48, or 25% of the past-due benefits, for attorney's fees. (*Id.*).

In June of 2015, the Social Security Administration awarded Plaintiff's counsel $6,000 from those withheld funds for work performed at the administrative level pursuant to 42 U.S.C. § 406(a).[1] (Doc. # 17 at 5). Plaintiff's counsel now seeks to recover the remaining $11,733.48 of the withheld funds, arguing that he and his client have a contingency-fee agreement that entitles him to this sum for his work at the district court level. (*Id.*; Doc. # 17-2). He also seeks to recover the $350 district court filing fee, bringing his total fee request to $12,083.48. (Doc. # 17 at 5).

**III.  Analysis**

Section 406(b), United States Code, Title 42, provides that:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

---

1) Simply put, "§ 406(a) governs fees for representation in administrative proceedings." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).

> representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

The United States Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court[,]" so long as such agreements do not provide for fees in excess of the 25% statutory ceiling. *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

The Supreme Court has further explained that an attorney's recovery may be appropriately reduced based on the character of the representation and the results achieved." *Id.* at 808.

> If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

On May 5, 2008, Plaintiff and her attorney executed a Contingency Fee Agreement, which provides in pertinent part:

> We agree that if Social Security favorably decides my claim or claims, my representative should be paid a fee equal to 25% of the past due benefits resulting from my claims or $5,300.00 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. § 406(b), whichever is less.

3

> . . .
>
> This agreement covers all services through an appeal to the Appeals Council. *Fees for action beyond the Appeals Council are not limited to $5,300.00 maximum, but are still 25% of the past due benefits resulting from all claims, and subject to approval by the SSA.*

(Doc. # 17-2) (emphasis added).

Plaintiff's counsel asks the Court to enforce the Fee Agreement as written and award him the remaining $11,733.48 withheld from the past-due benefits for the payment of attorney's fees. (Doc. # 17). However, his time sheet indicates that he spent only twelve hours working on this case at the district court level. (Doc. # 17 at 7). To award him the full $11,733.48 would be to compensate him at a rate of $977.79 per hour. By his own admission, the hourly rate for an attorney in the Cincinnati area with comparable experience is around $200, according to an Ohio bar study conducted in 2004. (Doc. # 17 at 4). Although the Sixth Circuit has held that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable," the fee requested in this case more than quadruple the hourly rate suggested by Plaintiff's counsel. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *see also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (applying *Hayes* in a post-*Gisbrecht* decision).

Plaintiff's counsel insists that this sum is an appropriate award because he provided high-quality representation and obtained a favorable result for his client. However, the Commissioner sees this award as a windfall for Plaintiff's counsel, given the size of the benefit in comparison to the time expended on this case. *See Gisbrecht*, 535 U.S. at 808

4

(explaining that courts should disallow windfalls for lawyers).  The Commissioner suggests that the Court fix the proposed hourly rate at $500 and award Plaintiff's counsel $6,000 for his representation at the district court level.  (Doc. # 20).  Having reviewed the applicable case law, the Court finds this to be a reasonable solution.  *See, e.g., Amburgey v. Comm'r of Social Sec.*, Civ. A. No. 5:08-335-DCR, 2016 WL 2859611, at *4-5 (E.D. Ky. May 16, 2016) (reducing the proposed hourly rate from $981.06 to $500); *Lockridge v. Astrue*, Civ. A. No. 04-499-JBC, 2009 WL 127668, at *2 (Jan. 16, 2009) (finding that an hourly rate of $350 was appropriate, given the attorney's background and experience in handling Social Security cases).

As a final matter, Plaintiff's counsel also seeks to recover the $350 district court filing fee.  However, as the Commissioner pointed out, § 406(b) does not specifically provide for reimbursement of filing fees, and Plaintiff's counsel has not cited to any other authorities supporting his request.  Therefore, Plaintiff's counsel is not entitled to recover this fee.

**IV.   Conclusion**

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. # 17) be, and is, hereby **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's counsel shall be awarded the sum of $6,000 pursuant to 42 U.S.C. § 406(b).

This 27th day of June, 2016.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\Cov11\11-236 Order re Attorney's Fees.wpd